# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| COREY HAYWOOD, | ) | |
| | ) | |
| Plaintiff | ) | |
| vs. | ) | 18 CV 06359 |
| | ) | |
| CHICAGO POLICE DEPARTMENT, | ) | JUDGE COLEMAN |
| R. RODRIGUEZ, J. MUNOZ, M. | ) | MAGISTRATE JUDGE FINNEGAN |
| SKALSKI, D. SMITH, JOHN DOE | ) | |
| ONE, JOHN DOE TWO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT R.RODRIGUEZ, J.MUNOZ, AND M. SKALSKI'S COMBINED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

NOW COME the Defendants, **R. RODRIGUEZ, J. MUNOZ,** and **M. SKALSKI,** (collectively, "Defendants"), by and through their attorneys, Special Assistant Corporation Counsel Elaine C. Davenport of **SANCHEZ DANIELS & HOFFMAN, LLP** and for their Answer and Affirmative Defenses to Plaintiff's Amended Complaint, states as follows:

### FACTS

1. This is a claim for violation of Plaintiff's Civil Right Act, Title 42 Section 1983 U.S. Code.

**ANSWER:** The Defendants only admit that Plaintiff purports a claim pursuant to 42 U.S.C. §1983, the Complaint of which speaks for itself. Further answering, the Defendants deny that they committed any violations pursuant to 42 U.S.C. § 1983.

2. Plaintiff's full name is COREY HAYWOOD.

**ANSWER:** These Defendants neither admit nor deny the allegations of the above paragraph as it is information outside the scope of these Defendants. As such, these Defendants deny the same and demand strict proof thereof.

3. Defendants, POLICE OFFICER R. RODRIGUEZ, Star No. 18420; POLICE OFFICER JOSE MUNOZ, STAR No. 15575; POLICE OFFICER MATTHEW SKALSKI, Star No. 16752; POLICE OFFICER DAVE SMITH, Star No. 10250; POLICE OFFICER JOHN DOE ONE; and POLICE OFFICER JOHN DOE TWO are employed by the Chicago Police Department.

**ANSWER:** Defendants admit that the identified officers were were employees of the City of Chicago as of the date of the incident in question.

### STATEMENT OF CLAIM:

4. At all times relevant to this Complaint, Plaintiff HAYWOOD claims against Defendants of the Chicago Police Department happen prior to his incarceration here at Lawrence Correction Center and while he still had his liberty.

**ANSWER:** Defendants deny the claims asserted by Plaintiff within the complaint. Defendants do admit that the Plaintiff's arrest did occur at a time that the Plaintiff was not incarcerated.

5. On or about August 15, 2017 at or between hours 4 to 6 p.m, on the streets of Chicago at 5700 South Racine Defendants MUNOZ and RODRIGUEZ used excessive force during Plaintiff's arrest.

**ANSWER:** Deny.

6. Plaintiff while in the area mentioned above was talking with individuals in a silver sedan when one of its occupants asked him to go grab a few cigars from a nearby corner store.

**ANSWER:** Deny.

7. After Plaintiff received the money he started jogging in the direction of the store but during his jog he heard another set of foot steps behind him and never any warning or order

to stop by Defendant MUNOZ.

**ANSWER:** Deny.

8. Plaintiff looked towards the streets and saw Defendant JOHN DOE ONE pointing a gun from the police car who never ordered him to stop.

**ANSWER:** Deny.

9. Plaintiff continued jogging towards the store because he hadn't broken any laws or done anything wrong that he was aware of.

**ANSWER:** Deny.

10. Defendant, JOHN DOE TWO drove and stopped the car directly in front of Plaintiff at the corner and ordered him to approach the car.

**ANSWER:** Deny.

11. As Plaintiff stopped jogging and approached the car Defendant JOHN DOE TWO mentioned that Plaintiff fits the description of a man with a gun [regardless of other black individuals in that area wearing the same clothing] but before Plaintiff could say a word he was tased from behind by Defendant MUNOZ without warning or justification.

**ANSWER:** Deny.

12. Defendant MUNOZ actions caused Plaintiff to fall and injure his head on the ground which he briefly passed out.

**ANSWER:** Deny.

13. Plaintiff not realizing what had happen tried raising from the ground and was tased a second time without warning by Defendant RODRIGUEZ, that followed by punches, kicks, and knees to Plaintiff body by Defendants MUNOZ and RODRIGUEZ with Defendants SMITH, SKALSKI, assisting in Plaintiff arrest by placing him in handcuffs.

**ANSWER:** Defendants admit that Defendants attempted tasing, used strikes, and that that Officer Smith assisted Defendants, Rodriguez and Munoz in Plaintiff's arrest by placing handcuffs on him. Defendants deny that PO Skalski placed the Plaintiff in handcuffs, and all remaining allegations contained in the above paragraph.

14. It all lasted about twenty minutes and during that time Defendants MUNOZ, RODRIGUEZ, SMITH and SKALSKI held their knees directly on Plaintiff neck, back, and legs as he laid face down on the ground without resisting arrest or reaching for the gun in his waist band.

**ANSWER:** Deny.

15. Defendants assault on Plaintiff was so excessive that it render him unconscious.

**ANSWER:** Deny.

16. After regaining consciousness Plaintiff found himself in the hospital [St. Bernard] and cuffed to the bed.

**ANSWER:** Defendants only admit that Plaintiff was transported to St. Bernard Hospital, but deny the remaining allegations contained in the above paragraph.

17. Defendants MUNOZ, RODRIGUEZ, even attempted interfering with the medical treatment by asking the doctor to only treat Plaintiff for injuries related to the taser discharge.

**ANSWER:** Deny.

18. The excessive force used during Plaintiff arrest was unnecessary in violation of the Fourth, Eighth, and Fourteenth Amendment of the United States Constitution, and Defendants individually or collectively, subjected Plaintiff to the deprivation of those rights.

**ANSWER:** Deny.

19. Defendants were aware of the excessive force being used and were deliberately indifferent to the Constitutional violation suffered by Plaintiff.

**ANSWER:** Deny.

20. Defendants misconduct was carried out in accordance with general policy and procedure at the Seventh District Police Station.

**ANSWER:** Deny.

21. Defendants have at all times acted in their official capacities and under color of state law.

**ANSWER:** Defendants only admit that these Defendants were acting as officers with the City of Chicago and were acting under the color of the law at all relevant times herein to this Complaint. These Defendants make no answer to the remaining allegations contained in the above paragraph as they are vague and unclear.

22. As a result of Defendants unconstitutional practice, policy, and procedure, Plaintiff has suffered physical and emotional harm which otherwise may have been prevented.

**ANSWER:** Deny.

**RELIEF**

23. Enter judgement in favor of Plaintiff and against Defendants, Plaintiff seek compensatory damage of $5,000 against Defendants MUNOZ, RODRIGUEZ, SKOLSKI, and SMITH. Plaintiff seek punitive damages in the amount of $50,000. And Plaintiff seek these damages against each Defendant, jointly and severally, and pay all court fees and legal fees.

**ANSWER:** Deny.

WHEREFORE, the Defendants, **R. RODRIGUEZ, J. MUNOZ,** and **M. SKALSKI**, prays that this Court enters judgment in his favor, award them such fees and costs as allowed by law, and grant such further relief as this Court deems just, fair, and proper.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
## QUALIFIED IMMUNITY

Defendant Officers are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Amended Complaint, reasonable police officers objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that the respective Defendant Officers possessed. Defendant Officers, therefore, are entitled to qualified immunity.

## SECOND AFFIRMATIVE DEFENSE
## STATE TORT IMMUNITY ACT 745 ILCS 10/2-201

As to all state law claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because the decision to arrest Plaintiff was based upon the information and circumstances known to Defendant Officers at the time, and was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (West 2002).

## THIRD AFFIRMATIVE DEFENSE
## STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

Defendant Officers were working as police officers at the time of the occurrence. Therefore, under the Illinois Tort Immunities Act, Defendant Officers are not liable for any of the claims alleged because public employees are not liable for their acts or omissions in the execution or enforcement of any law, unless such act or omissions constitutes willful and wanton conduct. 745 ILCS 10/2-202.

## FOURTH AFFIRMATIVE DEFENSE
## STATE TORT IMMUNITY ACT 745 ILCS 10/2-204

Defendant Officer is not liable for any of Plaintiff's alleged claims because as public employee, as such and acting within the scope of his employment, is not liable for any injury caused by the act or omissions of another person. 745 ILCS 10/2-204

## FIFTH AFFIRMATIVE DEFENSE
## STATE COMPARATIVE AND CONTRIBUTORY NEGLIGENCE LAW

That any injuries or damages claims by Plaintiff against Defendant was caused, in whole or in part, by negligent, willful and wanton, and intentional conduct of the Plaintiff, even if Defendants were liable for damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, willful and wanton, and intentional conduct of the Plaintiff which was the proximate cause of his injuries. In addition, at the time of the actions alleged in Plaintiff's Amended Complaint, Illinois statute 735 ILCS 5/2-1116 was in effect and reduces a Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when Plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

## SIXTH AFFIRMATIVE DEFENSE
## MITIGATION OF DAMAGES

To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to the Plaintiff by a jury in this case.

**DEFENDANTS REQUEST A TRIAL BY JURY.**

                            Respectfully submitted,

                            **SANCHEZ DANIELS & HOFFMAN LLP**

                            By: s/Elaine C. Davenport
                                One of the Attorneys for Defendants,
                                **R. RODRIGUEZ, J. MUNOZ,** and
                                **M. SKALSKI.**

Elaine C. Davenport--6272827
**SANCHEZ DANIELS & HOFFMAN, LLP**
**333 West Wacker Drive**
**Suite 500**
**Chicago, Illinois 60606**
**(312) 641-1555 – Telephone**
**(312) 641-3004 – Facsimile**